Jack Duran, Jr. (SBN: 221704)
DURAN LAW OFFICE
4010 Foothills Blvd, S-103, N.98
Roseville, CA 95747
Telephone: (916) 779-3316
Facsimile: (916) 520-3526
Email:  duranlaw@yahoo.com

Attorneys for Plaintiff:
ELEM INDIAN COLONY OF
POMO INDIANS OF THE
SULPHUR BANK RANCHERIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEM INDIAN COLONY OF POMO INDIANS OF THE SULPHUR BANK RANCHERIA, A FEDERALLY RECOGNIZED INDIAN TRIBE<br><br>Plaintiff,<br><br>v.<br><br>CEIBA LEGAL, LLP, MICHAEL HUNTER, ANTHONY STEELE, DAVID BROWN, ADRIAN JOHN, PAUL STEWARD, NATALIE SEDANO GARCIA, KIUYA BROWN, AND DOES 1-100 INCLUSIVE,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **TORTIOUS INTERFERANCE WITH CONTRACT**<br>2. **FRAUD AND DECEIT**<br>3. **CIVIL RICO ACT (Federal)**<br>4. **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114, 1125(a)**<br>5. **TRADEMARK INFRINGEMENT Bus. & Prof. Code §14200, et seq.**<br>6. **COMMON LAW INJURY TO BUSINESS REPUTATION;**<br>7. **VICARIOUS TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

1. Plaintiff (hereinafter ""Plaintiff" or "Tribe") is a federally recognized Indian Tribe located in Lake County, California. The Tribe is listed on the annual federally published list of Indian entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs.

2. Defendant Ceiba Legal, LLP is a California law firm with its principal place of business in Mill Valley, California, Marin County. Defendant Ceiba Legal represented Defendants Michael Hunter, Anthony Steele, David Brown, Adrian John, Paul Steward, Natalie Sedano Garcia and Kiuya Brown.

3. Defendant Adrian John is alleged to be a resident of Lake County, California.

4. Defendant Natalie Sedano Garcia is alleged to be a resident of Lake County, California.

5. Defendant David Brown is alleged to be a resident of Lake County, California. Defendant Kiuya Brown is alleged to be a resident of Lake County, California.

6. Defendant, Paul Steward, is alleged to be a resident of Lake County, California.

7. Defendant, Michael Hunter, is a resident of Mendocino County, California. Defendant Hunter, is alleged to have conspired with and continues to fund the activities of Defendants Ceiba Legal, David Brown, John, Steward, Garcia and Kiuya Brown.

8. Defendant, Anthony Steele, is a resident of Lake County. Defendant Steele is alleged to have conspired with and continues to fund the activities of Ceiba Legal, David Brown, John, Steward, Garcia and Kiuya Brown.

9. Plaintiff is presently unaware of the true names of the Defendants identified in the Complaint under the fictitious names Does 1-100. On information and belief, Does 1-100 are unlawfully and unfairly using, without authorization, Plaintiff's Elem Indian Colony trademark, and confusingly similar variations thereof, in connection with other forms of on-line advertising that

promote and market themselves. Plaintiff will amend its Complaint to identify the name of the Doe Defendants as they are discovered.

10. In November 2014, after the Tribe's bi-annual Tribal election, Defendants' conspired to attempt and to continue to attempt to take control of the Elem tribal government, its federal reservation lands, and its finances.

11. In furtherance of the conspiracy, Defendant Ceiba Legal drafted and sent, via United States mail, correspondence to several federal departments, a federally funded Tribal Health Clinic, the California Gambling Control Commission, and at least two Lake County banks. (See Ex A, The Fraudulent Correspondences).

12. The correspondence, sent on or around March 28, 2016, alleged and represented that Defendants Paul, David Brown, John, Garcia and Kiuya Brown were the duly elected government of the Tribe. The correspondence also requested a freeze of specific activities provided by the government entities (to the Tribe), including a freeze on federal Housing and Urban Development funding, and/or possession of the Tribe's bank accounts, and requesting the California Gaming Control Commission freeze $1.1 million dollars annually paid to the Tribe pursuant to the California Indian Gaming Revenue Sharing Trust Fund (RSTF).

13. Defendant Ceiba Legal's correspondence directly contradicted a Bureau of the Interior Department decision, issued on March 9, 2016, by Central California Agency Superintendent Troy Burdick, recognizing as the Tribe's General Council, Agustine Garcia as Chairman of the Tribe, Stephanie Brown (Vice-Chair), Sarah B. Garcia (Secretary/Treasurer), Nathan M. Brown III and Leora John (members at large).

14. While the correspondence was largely ignored by the federal and state government agencies, tribal health clinic and one bank, non-party Wells Fargo Bank filed an interpleader action, *Wells Fargo Bank v Augustin Garcia* et al. Lake County Superior Court, case number CV-414987. Plaintiff's Garcia Faction had to respond to that interpleader action, and ultimately prevailed.

15. Defendants' fraudulent correspondence cost the Tribal treasury thousands of dollars in legal fees and expenses, of which the Tribe now seeks to recoup from Defendants, along with treble damages and/or punitive damages pursuant to California and federal law.

16. Defendants' actions had and continue to have a debilitating effect on the Tribe in the form of requiring a tremendous amount of resources, time and legal fees to address.

17. Because Defendants are not the duly elected officials of the Tribe, Defendants' representations that they are the true "Tribal Officials" for the Tribe are false. Plaintiff seeks Court intervention to remedy Defendants' false assertions and acts taken to perpetuate their false assertions.

## JURISDICTION AND VENUE

18. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 et seq., the Federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 to 1968, as well as California law. This Court has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367, as well as the RICO claim, 18 U.S.C. § 1961 et seq. The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

19. This Court has jurisdiction and venue over this action pursuant to Article VI Section 10 of the California Constitution and California Code of Civil Procedure section 410.10. The Court has personal jurisdiction over Defendants pursuant to California Code of Civil Procedure section 410.50 *et seq*.

20. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because they reside within the jurisdiction where a majority of the events giving rise to the causes of action occurred.

## INTRADISTRICT TRANSFER

21. The basis for assignment to the Eureka Division is that this civil action arises in Lake County, California. Civil L.R. 3-2(f).

## FIRST CAUSE OF ACTION
## TORTIOUS INTERFERANCE WITH CONTRACT
## (ALL DEFENDANTS EXCEPT DEFENDANT CEIBA LEGAL)

22. Plaintiff repeats and re-alleges every allegation set forth in the paragraphs, above.

23. Plaintiff had a valid contract for banking services with Wells Fargo Bank of California.

24. Defendants knew of Plaintiff's contract with Wells Fargo Bank, as Defendants David Brown, Garcia, Paul, Kiyua Brown and Steward are members of the Elem Indian Colony.

25. The conduct of Defendants, as described above, was to disrupt the contract between Plaintiff and Wells Fargo Bank. Defendants were successful in disrupting Plaintiff's contract with Wells Fargo when Wells Fargo elected to freeze its account with Plaintiff and file an interpleader action.

26. By making false claims that Defendants were the duly recognized leaders of Plaintiff, a claim refuted by the Bureau of Indian Affairs, Defendants tortiously interfered with Plaintiff's Wells Fargo contract. To rectify Defendants' tortious interference, Plaintiff suffered damages according to proof at trial, which include but are not limited to Plaintiff's legal fees.

27. Because Defendants' actions were oppressive and malicious within the meaning of California Civil Code section 3294, and punitive damages should be awarded against these Defendants to deter such egregious conduct in the future.

**SECOND CAUSE OF ACTION**
**FRAUD AND DECEIT**
**(ALL DEFENDANTS EXCEPT DEFENDANT CEIBA LEGAL)**

28. Plaintiff repeats and re-alleges every allegation set forth above in the paragraphs above.

29. On information and belief, Defendants knowingly prepared false, fraudulent correspondence indicating they were legitimate tribal officials, when they knew they were not, to federal and state agencies, a federal funded health clinic and federal or state chartered banking institutions.

30. The sole intent of this correspondence was to gain access, or to freeze Plaintiff's federally or state provided programs and/or finances.

31. The correspondence was delivered by United States Mail or via facsimile and contained false information, which Defendants knew to be false. The sole purpose of Defendants' action was to intentionally harm Plaintiff and to gain access to Plaintiff's monies.

32. When Defendants conspired to prepare and send the correspondence, they knew the statements in the correspondence concerning their tribal status as "elected officials" were false. Defendants made these representations with the intent to defraud and deceive Plaintiff and with the intent to induce Plaintiff to act in detrimental reliance on those misrepresentations, which caused Plaintiff damage in the form of time, effort and legal expense. Plaintiff detrimentally relied on Defendants' false statements by taking action to correct the false assertions made by Defendants.

33. Wells Fargo, at the time the false representations were made by Defendants, believed them to be true and froze Plaintiff's accounts, to Plaintiff's detrimental reliance.

34. In reliance on Defendants' misrepresentations, Wells Fargo was induced to and did interplead the Tribe's accounts. If Wells Fargo had known of the actual intention of Defendants, Wells Fargo would not have taken such action, which it did to Plaintiff's detrimental reliance. Wells Fargo's reliance on Defendants' representations was justified because Defendants utilized Defendant Ceiba Legal to communicate the false information.

35. As a proximate result of Defendants' fraud and deceit and the facts herein alleged,

1  Plaintiff was damaged in the sum of the approximately $250,000 in legal fees and costs to defend
2  the interpleader action.
3        36.    Because Defendants' actions were oppressive and malicious within the meaning of
4  California Civil Code section 3294, and punitive damages should be awarded against these
5  Defendants to deter such egregious conduct in the future.

## Facts Common To All RICO Counts

      37.    As explained above and below, Defendants, all of them, through the United States mail, have attempted to take control over Plaintiff's government/enterprise, including its bank accounts, through a pattern of racketeering activity. By objecting and opposing to Defendants' attempt to acquire Plaintiff's enterprise and its bank accounts, and by reason of the Racketeer Influenced Corrupt Organizations Act violation, Plaintiff has been injured.

      38.    *Culpable person*: Defendant Ceiba Legal used United States mail to make fraudulent communications by stating Plaintiff was engaged in illegal activity, e.g., that its Tribal Council was illegally governing Plaintiff, and that its existing Tribal Council was illegitimate. These statements are and were false. Plaintiff's Tribal Council, led by Agustine Garcia is legal, valid, legitimate and duly elected, and has authority to govern Plaintiff. Through its attorney Little Fawn Boland, Defendant Ceiba Legal made these false communications that included at a minimum the United States Department of Interior, Bureau of Indian Affairs; Wells Fargo Bank, Clearlake, California; the California Gambling Control Commission; the U.S. Department of Housing and Urban Development; and the Mendo Lake Credit Union. These false communications referenced Augustin Garcia as having "no right to conduct business or represent the Tribe." Defendant Ceiba Legal made these communications willfully and with actual knowledge that the communications about Mr. Garcia and the Tribal Council he leads were false.

39. Defendants engaged in a pattern of false communications that was related and continuous. Defendant Ceiba Legal's false communications were the same in substance, the victim was the same (Plaintiff), and the false statements were made to several distinct entities (as many as five). Defendants' predicate acts were continuous and designed to achieve two goals: remove Plaintiff's existing and lawful Tribal Council and take over Plaintiff's bank accounts. Defendants continue to threaten Plaintiff with its efforts to invalidate its lawful Tribal Council through its continued misconduct – making false statements that Plaintiff's Tribal Council is illegal and has no right to conduct business or represent the Tribe.

40. *Enterprise*: Defendants' racketeering activity was and is being done through the enterprise of Defendants – a group associated to try and take over Plaintiff and its bank accounts and to usurp the lawful Bureau of Indian Affairs (BIA)-recognized Tribal Council of Plaintiff. Defendants' enterprise seeks to acquire control over an Indian Tribe, which provides services to its membership, which affects interstate commerce. Defendants' enterprise is led by Defendant Ceiba Legal on behalf of the individual Defendants named herein, distinct from the enterprise discussed herein are Defendants David Brown and Michael Hunter – the masterminds and culpable persons who desire to take over Plaintiff, its finances and to usurp the lawful BIA-recognized Tribal Council, let by Mr. Garcia.

41. Plaintiff has standing because, as an Indian Tribe, it is capable of holding a legal or beneficiary interest in its various bank accounts and in preserving its lawfully-elected Tribal Council.

42. *Interstate Commerce*: By using U.S. mail and facsimile to make false statements to third parties, Defendants' racketeering activity involved interstate commerce.

43. *Racketeering Activity*: Defendants' conspired to devise a plan to try to take over the Tribe and oust the Tribe's current Tribal Council. Defendants' retained Ceiba Legal to perpetuate its

plan by staging a fake and illegal Tribal election, purportedly electing Defendants David Brown, Adrian John, Paul Steward, Natalie Sedeno Garcia, and Kiuya Brown. Defendants, Michael Hunter and Anthony Steele, funded and orchestrated the plan, and was instrumental in retaining Defendant Ceiba Legal and its attorney Little Fawn Boland.

44. *Injury*: Plaintiff had to spend money (and time) to successfully object, defend and correct the false communications made by Defendant Ceiba Legal, and to prevent all the defendants from freezing/controlling its bank accounts. But for Defendants' communications to governmental agencies and various bank accounts, where they have falsely claimed they are the lawful Tribal Council of Plaintiff, Plaintiff would not have been injured, e.g., it would not have to expend resources to protect its legal/beneficial interest. Plaintiff has been injured by the overt racketing acts of Defendants, which were set in motion to further the conspiracy to take Plaintiff's legal/beneficial interest in its lawful self-government and bank accounts.

45. *Statute of Limitations*: Defendants started their racketeering activity in November 2014 by staging a fake, and illegitimate election. Defendants racketeering activity continued in 2015 through 2016 with its false communications described herein. Wells Fargo Bank relied on Defendants' false statements by filing an interpleader action, which as a result, froze Plaintiff's bank accounts with Wells Fargo.

**THIRD CAUSE OF ACTION**
**RACKETEER INFLUENCED**
**AND ORGANIZED CRIME ACT**
**(Federal Claim)**
**(ALL DEFENDANTS)**

**Count 1: RICO § 1962(c)**

46. Plaintiff repeats and re-alleges every allegation set forth above in the paragraphs above.

47. This Count is against all Defendants. The Elem Tribal Power Grab is an enterprise engaged in and whose activities affect interstate commerce. Defendants are associated with the enterprise.

48. Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff. Specifically: Defendants repeatedly made false statements about the legal authority of Plaintiff's BIA-recognized, lawful Tribal Council, and sought to take over Plaintiff's bank accounts.

49. Pursuant to and in furtherance of their fraudulent scheme, Defendants committed related acts of making false statements to third parties, paying for an organized effort to usurp Plaintiff, e.g. hiring Defendant Ceiba Legal, and spreading false hoods about Plaintiff and its Tribal Council in an effort to oust its now-existing Tribal Council and take over its bank accounts.

50. The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

51. Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

52. As a direct and proximate result of Defendants' racketeering activities and violation of 18 U.S.C. § 1962(c), Plaintiff has been injured in its business and property in that third parties are reluctant to provide services to Plaintiff and Plaintiff had to expend monies defending a meritless interpleader action filed by Wells Fargo bank.

53. WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as follows: award actual damages, treble damages and attorney's fees.

**Count II: RICO § 1962(d)**

54. Plaintiff repeats and re-alleges every allegation set forth above in the paragraphs above.

55. This Count is against all Defendants.

56. As set forth above, Defendants agreed and conspired to violated 18 U.S.C. § 1962(c). Specifically, Defendants conspired to conduct and participated in the conduct of the Elem Tribal Power Grab by repeatedly making false statements about the legal authority of Plaintiff's BIA-recognized, lawful Tribal Council, and sought to take over Plaintiff's bank accounts.

57. Defendants have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise, acquire or maintain interests in the enterprise through a pattern of racketeering activity, and/or conduct and participate in the conduct of the affairs of the enterprise thorough a pattern of racketeering activity. Defendants knew that their predicate acts were part of racketeering activity and agreed to the commission of those acts to further the schemes described above.  That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

58. As a direct and proximate result of Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiff has been injured in their business and property in that third parties are reluctant to provide services to Plaintiff and Plaintiff had to expend monies defending a meritless interpleader action filed by Wells Fargo bank.

59. WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as follows: award actual damages, treble damages and attorney's fees.

**FOURTH CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT**
**UNDER 15 U.S.C. §§ 1114 AND 1125(a)**
**(ALL DEFENDANTS)**

60. Plaintiff repeats and re-alleges and incorporates herein the allegations set forth in the paragraphs above.

61. The actions of Defendants described above and specifically, without limitation, their unauthorized use of the Tribe's trademark, and confusingly similar variations thereof, in commerce to advertise, promote, market, and receive unlawful financial benefits throughout the United States including California, constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

62. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Tribe's mark, and injury to Plaintiff's government.

63. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

64. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, monies received by Defendants. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**FIFTH CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT**
**Business and Professions Code §14200 et seq.**
**(ALL DEFENDANTS EXCEPT DEFENDANTS CEIBA LEGAL and MICHAEL HUNTER)**

65. Plaintiff repeats and re-alleges and incorporates herein the allegations set forth in the paragraphs above.

66. Plaintiffs alleged that Defendants' use of the Tribe's mark injures and creates a likelihood of confusion and injury to Plaintiff's business relations because persons encountering Defendants will believe that Defendants are affiliated with or have the Tribe's approval to use the mark.

67. Any adverse reaction to Defendants by the public and the nature and quality of its business has and continues to injure the business reputation of the Tribe and the goodwill it enjoys in connection with its business.

68. On information and belief, the actions of Defendants described above were and continue to be deliberate and willful.

69. Plaintiffs request relief consistent with section 14250 of California Business and Professions code.

**SIXTH CAUSE OF ACTION**
**INJURY TO BUSINESS REPUTATION**
**Common law**
**(ALL DEFENDANTS EXCEPT DEFENDANT CEIBA LEGAL and MICHAEL HUNTER)**

70. Plaintiff asserts and re-alleges and incorporates herein the allegations set forth in the paragraphs above.

71. Plaintiff alleges that Defendant's use of the Tribe's trademark inures and creates a likelihood of injury to Tribe's business reputation because persons encountering Defendants' will believe that the Defendants are affiliated with or related to or has the approval of the Tribe, and any adverse reaction by the public to Defendants and the quality and nature of its business will injure the business reputation of the Tribe and the goodwill that it enjoys in connection with its business.

72. On information and belief, Defendants' conduct was intentional and performed with malice, oppression or fraud. Plaintiff is therefore entitled to punitive damages.

73. Plaintiff suffered damages according to proof at trial, which include but are not limited to Plaintiff's legal fees.

## SEVENTH CAUSE OF ACTION
## VICARIOUS TRADEMARK INFRINGEMENT
## (ALL DEFENDANTS EXCEPT DEFENDANTS CEIBA LEGAL and MICHAEL HUNTER)
## (DOES 1-100)

74. Plaintiff asserts and re-alleges and incorporates herein the allegations set forth in the paragraphs above.

75. The actions of Defendants described above and specifically, without limitation, Does 1-100, constitutes actions done with knowledge, participation, and inducement of the unauthorized use of the Tribe's trademark, and confusingly similar variations thereof, in commerce throughout the United States and California. Such actions constitute vicarious trademark infringement in violation of federal law and the common law of the State of California. Defendants each have the ability to control the actions of the other Defendants. Defendants, each of them, have or will derive a direct financial benefit from the illegal acts of the other Defendants.

76. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Tribe's mark, and injury to Plaintiff's government.

77. On information and belief, Defendants' conduct was intentional and performed with malice, oppression or fraud. Plaintiff is therefore entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. Judgment in favor of Plaintiff and against Defendants;
2. For compensatory damages in an amount according to proof;
3. For general damages in an amount according to proof;
4. For exemplary damages;
5. For treble damages;
6. For pre-judgment interest;

   For attorneys' fees and costs of suit incurred herein;
7. For injunctive relief that enjoins Defendants from infringing on Plaintiff's trademark and enjoins Defendants from using Plaintiff's business reputation to their benefit; and
8. For such other and further relief as the court deems proper.

**DEMAND FOR JURY TRIAL**

Dated: June 6, 2016                    DURAN LAW OFFICE

                                       By: ___/Jack Duan/_____
                                           JACK DURAN, Jr.
                                           Attorney for Plaintiff ELEM INDIAN
                                           COLONY OF POMO INDIANS

- 15-
**COMPLAINT**