IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEM INDIAN COLONY OF POMO INDIANS OF THE SULPHUR BANK RANCHERIA, a federally recognized Indian tribe,<br><br>    Plaintiff,<br><br>  v.<br><br>CEIBA LEGAL, LLP; MICHAEL HUNTER; ANTHONY STEELE; DAVID BROWN; ADRIAN JOHN; PAUL STEWARD; NATALIE SEDANO GARCIA; KIUYA BROWN; and DOES 1-100 INCLUSIVE,<br><br>    Defendants.<br>                                        / | No. C 16-03081 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**INTRODUCTION**

In this RICO action stemming from a disputed election in an Indian tribe, defendants move to dismiss. For the reasons described herein, the motion to dismiss is **GRANTED**.

**STATEMENT**

In November 2014, a disputed election took place in the Elem Indian Colony (the "Tribe") (Amd. Compl. ¶ 10). Two different groups claimed to be the duly-elected Executive Committee of the Tribe — the Garcia faction and the Brown faction (Amd. Compl., Exh. A). In

the instant action, the Tribe, led by the Garcia faction, has sued members of the Brown faction, their counsel, and two other individuals.[*]

In January and February of 2015, members of the Brown faction and their counsel, Ceiba Legal, wrote letters to two banks and two government agencies requesting that the Tribe's gambling revenue, federal funding, and bank accounts be frozen until the dispute between the two Executive Committees could be resolved by the Bureau of Indian Affairs (BIA) (*ibid.*).

One of the banks, Wells Fargo, filed an interpleader action. "Plaintiff's Garcia Faction had to respond to that interpleader action, and ultimately prevailed" (Amd. Comp. ¶ 14).

In March of 2015, the Central California Agency Superintendent of the BIA issued a decision recognizing members of the Garcia faction as the Tribe's General Council (*id.* at 13). In November 2015, the Regional Director of the Bureau of Indian Affairs affirmed the decision of the Superintendent (Defendants' Request for Judicial Notice (RJN), Exh. B). On December 31, 2015, members of the Brown Faction appealed this decision to the Interior Board of Indian Appeals (IBIA) (*ibid.*).

On June 6, 2016, the Tribe, led by the Garcia faction, filed the instant lawsuit against members of the Brown faction, their counsel, and two other individuals. The complaint asserts seven claims: (1) tortious interference with contract; (2) fraud and deceit; (3) a civil RICO claim; (4) trademark infringement under federal law; (5) trademark infringement under California law; (6) common law injury to business reputation; and (7) vicarious trademark infringement.

Defendants now move to dismiss. This order follows full briefing and oral argument.

---

[*] The amended complaint alleges that four of the individual defendants, David Brown, Natalie Sedano Garcia, Paul Steward, and Kiuya Brown are Tribe members (*id.* ¶ 23). The complaint contains no specific allegations as to Tribe membership of the other three individual defendants, Adrian John, Michael Hunter, and Anthony Steele. In its opposition, the Tribe asserts that Adrian John is a Tribe member and Michael Hunter and Anthony Steele are not Tribe members (Opp. Br. at 8).

**ANALYSIS**

**1. MOTIONS TO DISMISS.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Assuming that a federal district court (rather than a tribal court) has jurisdiction over these claims, the RICO complaint must be dismissed under the *Noerr-Pennington* doctrine.

The *Noerr–Pennington* doctrine, which derives from the First Amendment, ensures that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). Although the *Noerr–Pennington* doctrine arose in the antitrust context, it has been extended to "lobbying activities directed toward executive branch officials, regardless of any anticompetitive intent or purpose." *Ibid.* In particular, it has been applied to situations where, as here, individuals petition the executive branch of government. *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) ("[t]he doctrine has since been applied to actions petitioning each of the three branches of government"). The *Noerr-Pennington* doctrine protects conduct "incidental to the prosecution of the suit" (*Sosa*, 437 F.3d at 934), and applies to state law claims such as plaintiff's (*Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008)).

Plaintiff asserts that defendants are not entitled to the protection of the *Noerr-Pennington* doctrine because the IBIA appeal "is a sham and objectively baseless litigation, brought for an unlawful purpose" (Opp. Br. at 18). Plaintiff is wrong.

The Supreme Court has defined a "sham" petition as a petition that is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits."

*Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 144 (1961). Here, defendants dispute the outcome of the November 2014 tribal election and have petitioned the BIA and now the IBIA seeking redress. The IBIA has taken defendants' appeal under submission (Defendants' RJN, Exh. B). Defendants' conduct in connection with the disputed election is exactly the sort of petitioning activity protected by the *Noerr-Pennington* doctrine.

Once the protected acts are subtracted, there are not enough predicate acts (if any) to establish a "pattern." This order concludes that the conduct attacked by the complaint is protected by the *Noerr-Pennington* doctrine. As such, the motions to dismiss are **GRANTED**.

### 2.  JUDICIAL NOTICE.

Under Federal Rule of Evidence 201, a court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from the sources whose accuracy cannot reasonably be questioned. Here, both parties ask the Court to take judicial notice of various administrative records related to the appeal of the disputed election results. This order takes judicial notice of the IBIA's Notice of Docketing and Order Setting Briefing Schedule (Defendants' RJB, Exh. B). *Mack v. S. Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds) (a court may take judicial notice of "records and reports of administrative bodies"). The remaining records are not necessary to this decision. As such, the requests to take judicial notice as to these documents are **DENIED**.

## CONCLUSION

For the reasons discussed herein, defendants' motion to dismiss is **GRANTED**. Leave to amend is denied as futile. Judgment will follow.

**IT IS SO ORDERED.**

Dated: November 3, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4